**H. P. LAMBERT CO., Inc., et al.,**
**Petitioners,**

v.

**SECRETARY OF the TREASURY,**
**Respondent.**

**No. 6493.**

United States Court of Appeals
First Circuit.

Nov. 15, 1965.

---

Walter E. Doherty, Jr., Boston, Mass., for petitioners.

Alan S. Rosenthal, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., and Jack H. Weiner, Atty., Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Senior Judge,* and JULIAN, District Judge.

ALDRICH, Chief Judge.

 This is a petition to review the action of respondent Secretary of the Treasury revoking, pursuant to 19 U.S.C. § 1641(b), the customhouse broker's license issued to petitioner H. P. Lambert Co., Inc. of Louisiana, hereinafter the Louisiana company,[1] the license to con-

---

* Sitting by designation.

[1]. The question of our jurisdiction has not been raised. Section 1641(b) permits an appeal to the court of appeals "within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia * * *." The petitions of the Massachusetts company

duct a brokerage business in Louisiana issued to petitioner H. P. Lambert Co., Inc., a Massachusetts corporation, hereinafter the Massachusetts company, and reprimanding petitioners Fifield and Macchione, each a vice-president of both companies, hereinafter the officers. Except for a half-hearted attempt to suggest a deathbed conversion,[2] the petitioners do not dispute the adequacy of the evidence. Instead, they assert a number of procedural and other matters.

■ For a corporation to obtain a broker's license two of its officers must hold individual licenses, although not necessarily for the district in which the corporation is licensed. 19 U.S.C. § 1641 (a); 19 C.F.R. § 31.7. The individual petitioners herein, the officers holding the qualifying licenses for both companies, are residents of Massachusetts and are licensed only for the Massachusetts district. Although underlying all the charges was the Louisiana company's misconduct in Louisiana, the officers contend that the Louisiana collector lacked jurisdiction over them. Their argument, based upon the regulations applicable to customhouse brokers (see 19 C.F.R. Part 31, particularly § 31.11), indicates a possible question whether Louisiana would be the "appropriate district" for commencing proceedings to revoke Massachusetts licenses. However, we do not reach this question. The principal issue, which was clearly laid in Louisiana, was the revocation of the Louisiana company's license. In connection therewith

it was proper for the Louisiana collector to recommend a reprimand for the company's licensed officers who had assumed the duty "to exercise responsible supervision and control of the transaction of the customs business of such corporation * * *." 19 C.F.R. § 31.5(c). Due process required prior notice to the officers and opportunity to be heard, but no more.

■ Petitioners also contend that under section 1641(b) the initial hearing should have been held by the Collector of Customs, and was improperly held by an assistant collector. 19 U.S.C. § 10 provides, "In cases of occasional and necessary absence or of sickness any collector may exercise his powers and perform his duties by deputy * * *." See also 19 C.F.R. § 31.11(b) (1). At the outset of the hearing the assistant collector stated that the collector "is out of the District and will not be able to so conduct it. He has asked that I conduct it * *." Petitioners objected, stating that the collector "is the sole officer * * * who has jurisdiction to hear this matter."

While there may be no presumption that every absence of a collector from his district is a necessary one, there is a presumption of regularity of official acts. Cf. In re Ingersoll Co., 10 Cir., 1945, 148 F.2d 282; 2 Davis, Administrative Law § 11.06 (1958). At a minimum the collector's appointment of his deputy to conduct the hearing was an official act, importing that there was a proper basis for it. The burden of going forward to

and the officers are properly before us. With considerable hesitation we accept the Louisiana company's petition on the special grounds that the orders against the other petitioners were predicated upon its culpability, which must therefore be reviewed in any event, and the Louisiana company and the Massachusetts company were treated by respondent, in essence, as a single entity.

2. Petitioners invoke A.P.A. Rule 9(b), 5 U.S.C. § 1008(b), which provides that "[e]xcept in cases of willfulness * * * no * * * revocation * * * of any license shall be lawful unless, prior to the institution of agency proceedings therefor, facts or conduct which may warrant such action shall have been called to the

attention of the licensee by the agency in writing and the licensee shall have been accorded opportunity to demonstrate or achieve compliance with all lawful requirements." The record shows a pattern of repeated derelictions on the part of the petitioners, notwithstanding notices from and conferences with government agents. That after years of procrastination petitioners may have scrambled to remedy all outstanding violations when they saw the handwriting on the wall cannot avail them. Rule 9(b) may well allow the dog one bite; it does not sanction the habit. Cf. Air Transport Associates, Inc. v. CAB, D.C.Cir., 1952, 91 U.S.App. D.C. 147, 199 F.2d 181, 186, cert. den. 344 U.S. 922, 73 S.Ct. 386, 97 L.Ed. 710.

overcome this presumption was upon petitioners.

The Massachusetts company protests the revocation of its Louisiana license asserting that it has been dormant and did not participate in any of the misconduct complained of. This is true. However, the Louisiana company and the Massachusetts company are both owned and controlled by the same individual, and have the same qualifying licensed employees, who are also the principal officers of both. In such circumstances, the respondent reasonably concluded that the public would be assured little protection if the Massachusetts company could simply take over the Louisiana company's operation after the latter's license was revoked. However important it may be in other respects, the fiction of the corporate entity cannot stand athwart sound regulatory procedure. See Mansfield Journal Co. v. FCC, 1950, 86 U.S.App. D.C. 102, 180 F.2d 28, 37; cf. Reynolds Pallet & Box Co. v. NLRB, 6 Cir., 1963, 324 F.2d 833.

■■ There is one matter in which we agree with petitioners. The improper conduct of the Louisiana company consisted of a series of acts or failures to act extending back as far as 1951. Although the collector dealt with the Louisiana company and expressed his disapproval over a long period of time, revocation proceedings were not instituted until July 1964. The petitioners, relying on 28 U.S.C. § 2462, assert that events occurring before July 1959 should not have been taken into consideration at the hearing. That section reads in part as follows:

> "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *."

It is the respondent's position that 19 U.S.C. § 1641 "otherwise provided" because it states, "(b) The collector or chief officer of the customs may *at any time,* for good and sufficient reasons, serve notice in writing upon any customhouse broker * * * to show cause why said license [should] not be revoked * * *." (Ital. suppl.) While the italicized phrase, taken literally, might suggest that there was no limit of time with respect to any particular conduct that the collector might consider in order to revoke a license, the general policy of statutes of limitations is so deeply ingrained in our legal system that a period of limitation made generally applicable to such proceedings, as is section 2462, is not to be avoided unless that purpose is made manifestly clear. We do not so regard the words in question.

■ Respondent presently asserts through counsel that in any event much of the misconduct occurred within five years of July 1964, and that this is sufficient to sustain the revocation. This argument, unfortunately, is typical of the impermissible second guessing the courts are constantly criticizing in administrative appeals. See Burlington Truck Lines, Inc. v. United States, 1962, 371 U.S. 156, 168–169, 83 S.Ct. 239, 9 L.Ed. 2d 207. While very possibly the respondent could have found the misconduct that occurred during the five-year period, standing alone, to warrant his order, and while he might properly have considered misconduct prior to that time to whatever extent it cast light upon the culpability of the activity during the legal period, see Local Lodge No. 1424 v. NLRB, 1960, 362 U.S. 411, 416–417, 80 S.Ct. 822, 4 L.Ed.2d 832, he did neither. Rather, he expressly ruled the statute inapplicable, and regarded all conduct on its own merits or demerits regardless of when it occurred. The difference may or may not be great in this particular case. Petitioners are entitled, nevertheless, to the benefit of whatever differences would have resulted from the proper approach. The case must be remanded for reconsideration by the respondent in the light of this opinion.

The decision of the Secretary of the Treasury of March 4, 1965, is vacated and the case is remanded for further proceedings in accordance with this opinion.