**METAL-COTE, INC., a Michigan Business Corporation, Plaintiff,**

v.

**CITY OF DETROIT, a Michigan Municipal Corporation, and the Detroit Water and Sewerage Department, a department of the City of Detroit, Defendants.**

No. 91–CV–76018.

United States District Court, E.D. Michigan, S.D.

April 16, 1992.

Peter W. Macuga, II, Tannian & Associates, P.C., Detroit, Mich., for plaintiff.

Avery K. Williams, Cooper, Fink & Zausmer, Detroit, Mich., for defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

Before me is Metal–Cote's (MC) motion for summary judgment. A hearing was held on March 12, 1992, on MC's motions for a stay and for summary judgment. At that hearing I denied MC's motion for a stay of the Detroit Water and Sewerage Department's (DWSD) *Cease and Desist Order* of August 6, 1991. After careful consideration of all papers filed and of the arguments raised at the March 12, 1992 hearing, I DENY the motion for summary judgment and DISMISS plaintiff's amended complaint.

This dispute arises out of MC's alleged failure to comply with its wastewater discharge permit as well as various compliance agreements MC and the DWSD negotiated. On January 18, 1991, DWSD issued an *Order to Show Cause* why it should not take further enforcement actions against MC. The show cause hearing was held February 27, 1991, and a finding against MC was entered. The hearing officer subsequently issued Administrative Order No. A91–003, which imposed further restrictions on MC and provided for the revocation of MC's permit if MC failed to comply with its terms.

MC appealed this order to the Board of Water Commissioners (Board). An appeal hearing was held on May 14, 1991. After the hearing the Board issued an amended Administrative Order A91–003. DWSD alleges that MC violated the terms of this order and it therefore issued the above-referenced *Cease and Desist Order*. MC then brought this action claiming DWSD lacked authority and jurisdiction to issue the order and that the order was invalid because DWSD did not afford it procedural due process.

I denied MC's motion for a stay because I am convinced the evidence strongly indicates that the parties voluntarily negotiated the amended Administrative Order A91–003, thereby rendering MC's due process and jurisdiction challenges moot. However, Mr. Philip Tannian, who represented MC at both DWSD hearings, testified under oath at the March 12, 1992, hearing that that was not so. Tannian testified that although a letter from the DWSD was sent to his client expressly stating that an agreement had been reached and that the parties would negotiate the terms and conditions of an amended administrative order, he never saw that letter. Accordingly, I concluded that no binding settlement was reached. It is therefore necessary to address MC's motion for summary judgment.

MC's sole basis for challenging the *Cease and Desist Order* is that the DWSD has no extraterritorial authority or jurisdiction to enforce its industrial pretreatment program against MC, which is located in Harrison Township, Michigan. This claim is without merit. Jurisdiction is proper under 40 C.F.R. § 403.11, 40 C.F.R. § 403.8(f), M.C.L. 123.201, Detroit Ordinance 23–86, Harrison Township Ordinance No. 104, and this court's Amended Consent Judgment of April 25, 1980 in *United States v. State of Michigan*, No. 77–1100 (E.D.Mich. May 2, 1980). The bottom line is that MC is an industrial user of Detroit's Publicly Owned Treatment Works (POTW) and it therefore must comply with DWSD's limitations and pollution standards as mandated by federal, state and local law.

MC's only other allegation in this suit is that the DWSD did not afford it procedural due process at the February 27, 1991 show cause hearing nor when making its subsequent decision to issue the *Cease and Desist Order*. These contentions are without merit as well.

At the March 18, 1992 hearing I asked the parties to brief the issue of what standard of review I should utilize in the remainder of these proceedings. MC apparently took this request as an invitation to explain *how* its due process rights were violated, since its brief fails to cite a single case supporting its contention that MC is entitled to a de novo review. Defendants, on the other hand, make a strong case for limiting review to the administrative record, which I shall do. *See Florida Power and Light Co. v. Lorion*, 470 U.S. 729, 743, 105 S.Ct. 1598, 1606, 84 L.Ed.2d 643 (1985) (It is fundamental to judicial review of an administrative agency's action that "the focal point ... should be the administrative record already in existence, not some new record made initially in the reviewing court," *quoting Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973)); *U.S. v. Akzo Coatings of America, Inc.*, 949 F.2d 1409 (6th Cir. 1991).

The administrative record in this case amply supports DWSD's decision to issue the August 6, 1991 *Cease and Desist Order* and furthermore evidences that MC was given notice of its noncompliance and an opportunity to show that it had achieved or will achieve compliance, which is all that procedural due process requires. *See H.P. Lambert Co. v. Secretary of Treasury*, 354 F.2d 819 (1st Cir.1965); *Save More of Gary, Inc. v. United States*, 442 F.2d 36 (7th Cir.1971); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The heart of MC's procedural due process challenge is that it was denied the opportunity to cross-examine DWSD employees at the February 27, 1991 show cause hearing. However, this claim is completely undermined by the fact that although it had thirty days notice of the show cause hearing, MC failed to notify DWSD that it wanted to call such employees. Instead, MC waited until DWSD had presented its case, then objected to the documentary evidence offered because DWSD sampling and testing personnel were not available for cross-examination. MC cannot now be heard to complain about procedural unfairness. *See Williams v. Zuckert*, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963).

Accordingly, plaintiff's motion for summary judgment is DENIED and plaintiff's complaint is hereby DISMISSED.

IT IS SO ORDERED.